NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM GOBLE,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, d/b/a LIBERTY MUTUAL, and BNP PARIBAS COMPREHENSIVE WELFARE BENEFITS PLAN,<br><br>    Defendant. | Civil Action No. 12-6030 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

    This matter has been opened to the Court upon Motion [Docket Entry No. 12] by Plaintiff William Goble ("Plaintiff") seeking an Order compelling discovery from Defendants Liberty Life Assurance Company of Boston and BNP Paribas Comprehensive Welfare Plan (collectively, "Defendants"). Defendants oppose Plaintiff's motion [Docket Entry No. 13]. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, Plaintiff's Motion to Compel is DENIED.

**I. Background and Procedural History**

    Plaintiff, William Goble, was employed by BNP Paribas as an Information Technology Auditor from April 2005 to January 2010, when he experienced symptoms related to peripheral neuropathy and neuropathic pain. *Plaintiff's Brief in Support* at *2. Plaintiff was paid short-term disability ("STD") benefits from January 2010 until July 2010, when he received long-term disability ("LTD") benefits until termination of those benefits in November 2011. The

underlying case relates to Plaintiff's appeal of his eligibility for disability insurance on the policy held with Defendants.

In June 2011, Plaintiff underwent an Independent Medical Evaluation ("IME") with Gary Yen, M.D., who determined that Plaintiff's eligibility was no longer medically supported. Defendants subsequently terminated Plaintiff's disability benefits in November 2011.

In May 2012, Plaintiff submitted an administrative appeal of Defendants' determination, claiming that he remained unable to work due to symptoms of peripheral neuropathy and neuropathic pain. In support, Plaintiff submitted medical records and reports of his treating neurologist, Dr. Spellman, and podiatrist, Dr. Regulski, as well as a vocational analysis by John Sargent, regarding Plaintiff's occupational requirements at BNP Paribas. Plaintiff also provided a Functional Capacity Evaluation Report by Ellen Rader Smith. Defendants upheld their determination and denied Plaintiff's appeal via letter dated July 20, 2012. Plaintiff then brought this action in federal court on September 25, 2012 [Docket Entry No. 1] alleging violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

### A. Plaintiff's Argument

Plaintiff contends that he is entitled to additional discovery for the reasons stated below. Plaintiff wishes to conduct expanded discovery concerning (1) relevant data compiled by Defendants in constructing the administrative record and (2) Defendants' internal policies and procedures relevant to the handling of the claim. As part of his argument, Plaintiff claims that the evidence in the administrative record shows that discovery is warranted.

#### 1. Administrative Record

Plaintiff states that he "is entitled to discover those documents properly belonging in the administrative record, which Defendants have admittedly withheld..." *Plaintiff's Brief in Support*

at *8.  Plaintiff seeks to include items from the First Notice to Produce, Items 4 and 5, and Interrogatory 17 in the administrative record. *Id.*  Plaintiff asserts that because these documents belong in the administrative record pursuant to ERISA regulation 29 C.F.R. § 2560.503-1(m)(8), his discovery request is warranted.  To support this position, Plaintiff cites to C*rosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011), which held that a discovery request is permitted when it is "reasonably calculated to lead to the discovery of some admissible evidence" relating to the administrative record. *Id.* at 263-264.  Plaintiff thus contends that under ERISA, Defendants must produce any and all information belonging in the administrative record.

### 2. Defendants' Policies and Procedures

Plaintiff states that he "is entitled to discover the specific written rules, guidelines, policies, procedures or like written materials pertaining [to] his LTD claim…" *Plaintiff's Brief in Support* at *10.  Plaintiff's discovery request includes items from the First Notice to Produce, Interrogatory 13, 14, and 23, and the Second Notice to Produce. *Id.* at *10-11.  Plaintiff contends that under ERISA regulations 29 C.F.R. § 2560.503-1(m)(8)(iii) and (iv), Defendants must produce any documentation relevant to their determination of his claim, which includes the policies and procedures relating to "surveillance, the provision of surveillance footage to IME examiners, and the consideration of a favorable Social Security determination in administering a beneficiary's claim." *Id.* at 11.  To support this position, Plaintiff cites to *Ganem v. Liberty Life Assur. Co. of Boston*, 12 U.S. Dist. LEXIS 161072 (D. Me. Sep. 13, 2012), which found that the "Plaintiff [there] has a right to access and utilize in her merits presentation any written rule, guideline, protocol, policy, procedure or like written materials that bear on her claim for disability benefits."  *Id.* at 10, citing 29 C.F.R. § 2560.503-1(g)(1)(v)(A).

Plaintiff also cites to ERISA regulation 29 C.F.R. § 2560.503-1(g)(1)(v)(A), which indicates that in the case of an adverse benefit determination, the plan administrator must provide

to the claimant:

> an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

Plaintiff argues that the ERISA regulation requires Defendants to produce discovery "to the extent that Liberty consulted same in the process of rendering a decision on Plaintiff's LTD claim." *Plaintiff's Brief in Support* at *14.

### 3. Relevant Documentation

Plaintiff argues that Defendants concede in Answers to Interrogatories and Responses to Notice to Produce that the administrative record is incomplete and that additional documents do exist. *Plaintiff's Reply Brief* at *1. Plaintiff states that ERISA regulation, 29 CFR § 2560.503-1(m)(8)(ii), requires "production of all documentation that was submitted, considered, or generated in the course of making the benefits determination without regard to whether it was physically attached and made a part of the claim filed by the administrator." *Id.* (internal quotation marks omitted). Plaintiff thus contends that "all of the information in [his] discovery requests must necessarily have been submitted, considered, or generated in the process of administering Plaintiff's claim." *Id.* (internal quotation marks omitted).

### 4. Interpretation of the ERISA regulations

#### A. 29 CFR § 2560.503-1(m)(8)(iv)

Plaintiff contends that based on a plain reading of ERISA regulation 29 CFR § 2560.503-1(m)(8)(iv), he is entitled to Defendants' Policies, Procedures and Exceptions ("PPE") "concerning the denied treatment option or benefit for the claimant's diagnosis…" *Id.* at *2, citing 29 CFR § 2560.503-1(m)(8)(iv). ERISA regulation 29 CFR § 2560.503-1(m)(8)(iv)

4

provides:

> in the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

Plaintiff states that "the placement of the word "benefit" as a subject in this sentence indicates that the discoverable 'policies or guidance' in this subsection are those pertaining to a denied treatment option in the case of a health insurance claim, and a denied benefit in the case of a disability claim." *Id.* at *3. Plaintiff thus argues that the regulation requires Defendants to produce additional documentation relating to a "statement of policy or guidance."

Plaintiff also asserts that "caselaw permitting discovery pursuant to this subsection…mandates the discovery [he] seeks as relevant to his claim for LTD benefits. *Id.* To support this position, Plaintiff cites to *Glista v. UNUM Life Ins. Co. of Am.*, 378 F.3d 113 (1st Cir. Mass. 2004), which held that internal documents including training materials and RIMARE guidelines were relevant to the plan administrator's determination of discontinuing the claimant's benefits. *Id.* at 123-126. Plaintiff thus contends that "discovery is permitted as to any of [Defendant] Liberty's internal policies which are known to exist and are relevant to the particular issues involved in the handling of Plaintiff's LTD claim." *Plaintiff's Reply Brief* at *4.

B. <u>29 CFR § 2560.503-1(m)(8)(iii) and 29 CFR § 2560.503-1(g)(1)(v)(A)</u>

Plaintiff contends that ERISA regulations 29 CFR § 2560.503-1(m)(8)(iii) and 29 CFR § 2560.503-1(g)(1)(v)(A) also grant him access to Defendants' PPE guidelines. *Id.* at *4. To support this position, Plaintiff cites to *Brooks v. Metro. Life Ins. Co.*, 526 F. Supp. 2d 534 (D. Md. 2007), where a Plan Administrator employee "declared under penalty of perjury that the Guidelines were not referred to in any way." *Id.* at 534-536. Plaintiff argues that because Defendants have not provided any certification that the PPE guidelines were not used in

5

determining Plaintiff's eligibility for benefits, the guidelines could have been relevant to the determination and thus discoverable.

Plaintiff also asserts that ERISA regulation 29 CFR § 2560.503-1(g)(1)(v)(A) "mandates production of materials bearing on the Plaintiff's claim absent an affirmative representation by Defendant that such materials do not exist. *Plaintiff's Reply Brief,* at *5. To support this position, Plaintiff cites to *Ganem v. Liberty Life Assur. Co. of Boston*, 2012 U.S. Dist. LEXIS 161072 (D. Me. Nov. 9, 2012), which held that "if there are any further rules, guidelines, protocols, policies, procedures or the like pertaining to the procedures or standards for handling fibromyalgia claims, TCMS referrals, or job versus occupation determinations, Defendant is ordered to produce them to Plaintiff… and to supply an affidavit attesting to the existence or non-existence of any such written materials." *Id.* at 26. Plaintiff contends that because Defendants utilized the PPE guidelines in their decision to deny Plaintiff his LTD benefits, additional discovery is required.

### 5. Standard of Review

Plaintiff states that discovery is "required regardless of the applicable standard of review because it hinges on the ERISA regulations defining what is considered part of the administrative record and the guidelines applied by the administrators to evaluate claims." *Plaintiff's Reply Brief,* at *6. Nonetheless, Plaintiff contends that the correct standard of review that applies to the case at hand is *de novo*, not arbitrary and capricious. *Id.* To support this position, Plaintiff cites to the New Jersey Administrative Code, which provides that discretionary clauses granting the Plan Administrator exclusive, final, and binding discretion in interpreting plan terms and determining eligibility for benefits are null and void. *Id.* at *7, citing N.J.A.C. § 11:4-58.3.

Plaintiff also cites several cases from other jurisdictions where courts have found such

discretionary clauses null and void due to their granting sole and final discretion to the administrator. *Id.* at *8, citing *Zuckerman v. United of Omaha Life Ins. Co.*, 2012 WL 3903780 (N.D. Ill. Sept. 6, 2012); *Landree v. Prudential Ins. Co. of Am.*, 833 F. Supp. 2d 1266 (W.D. Wash. 2011); and *McClenahan v. Metro. Life Ins. Co.*, 621 F. Supp. 2d 1135 (D. Colo. 2009). Plaintiff then cites to *Baker v. Hartford Life Ins. Co.*, 2010 U.S. Dist. LEXIS 52724 (D.N.J. May 28, 2010) to highlight several factors that the court there used in determining whether the arbitrary and capricious standard of review applied. Plaintiff contends that the first factor considers federal court decisions that have "found discretionary clauses in ERISA contracts to trigger *de novo* review of adverse benefit determinations where those clauses violate state regulations banning or limiting the use of discretionary clauses." *Plaintiff's Reply Brief* at *9. Plaintiff next argues that the lack of a separate provision in the subject policy outlining a beneficiary's right to judicial review renders the discretionary clause in Defendants' policy null and void. *Id.* at *10. Finally, Plaintiff contends that although applying a *de novo* standard would raise preemption concerns, those concerns do not exist in the case at hand since Defendants' discretionary clause confers sole, final, and binding authority on the Plan Administrator. *Id.* at *11.

### A.  De Novo Standard of Review

Plaintiff argues that his discovery requests are warranted under the *de novo* standard of review. *Id.* at *13. To support this position, Plaintiff cites to *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407 (3d Cir. Pa. 2011), which held that "[A] district court exercising de novo review over an ERISA determination between beneficiary claimants is not limited to the evidence before the Fund's administrator." *Id.* at 418 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir.1993)). Plaintiff also cites to *Stepanski v. Sun Microsystems, Inc.*, 2011 U.S. Dist. LEXIS 156127 (D.N.J. Dec. 9, 2011), which held that additional discovery is not needed under

*de novo* review when "the record before the Plan Administrator is sufficiently developed. *Id.* at 48. (quoting *Sussex Auto Ctr., Inc. v. Optimum Choice, Inc.*, 2001 U.S. Dist. LEXIS 10095 (D. Del. July 20, 2001)). Plaintiff contends that because the record is not sufficiently developed in the case at hand, his discovery requests must be granted.

### B.  Defendant's Argument

Defendants assert that they have complied with applicable law and that Plaintiff has not established any valid reason which entitles him to the discovery he seeks. Defendants argue that they have produced the entire administrative record, as required under the arbitrary and capricious standard, and that Plaintiff is not permitted discovery beyond such record. *Defendant's Brief in Opposition* at *2. Additionally, Defendants argue that none of the ERISA regulations that Plaintiff references require Defendants to include additional documents to the Administrative Record. *Id.* at *2-3.

#### 1. Administrative Record

Defendants argue that because Plaintiff's discovery requests were broad and beyond the scope of the administrative record, Defendants have not provided all of the requested information to Plaintiff. *Id.* at *3. Defendants state that their response "does not mean that Defendants intentionally withheld documents from the administrative claim file." *Id.* (internal quotation marks omitted). Defendants contend that they have produced the complete administrative record that was relied upon by the claim administrator. To support this position, Defendants reference their certification of counsel that no material has been withheld from the administrative record. *Id.* at *3-4. *See* Certification of Counsel.

#### 2. Plaintiff is Not Entitled to Defendants' Policies, Procedures and Exceptions

Defendants contend that under Third Circuit law, ERISA cases are governed by the

arbitrary and capricious standard, which limits Plaintiff's discovery to the administrative record. *Id.* at *4. To support this position, Defendants cite *Shvartsman v. Johnson & Johnson*, 2012 U.S. Dist. LEXIS 80328 (D.N.J. June 11, 2012), where this Court defined the administrative record as "only that evidence that was before the administrator when he or she made the decision being reviewed." *Id.* at 8.

Defendants state that they have produced the entire administrative record, which "includes every piece of evidence that was before the administrator when he or she made the decision regarding [Plaintiff]'s claim..." *Defendant's Opposition* at *4. Defendants thus contend that the administrative record which has been produced to Plaintiff is sufficient under the arbitrary and capricious standard. To support this position, Defendants cite *Johnson v. UMWA Health & Retirement Funds*, 125 Fed. Appx. 400 (3d Cir. Pa. 2005), which held that "the record for arbitrary and capricious review of ERISA benefits denial is the record made before the plan administrator which cannot be supplemented during litigation." *Id.* at 405.

### A. 29 CFR § 2560.503-1(m)(8)(iii)

Defendants contend that ERISA regulation 29 CFR § 2560.503-1(m)(8)(iii) does not permit Plaintiff to obtain additional discovery beyond the administrative record. Defendants state that Plaintiff's "reading [of] the regulation to require disclosure of any documents that demonstrate compliance with the administrative processes and safeguards that plans must adopt pursuant to ERISA's implementing regulations, even if they were not relied upon, constitutes reading the regulations too broadly." *Defendant's Opposition* at *5 (internal quotation marks omitted). To support this position, Defendants cite *Brooks v. Metro. Life Ins. Co.*, 526 F. Supp. 2d 534 (D. Md. 2007), which held that the "disclosure requirement is limited to materials specifically generated in connection with a particular adverse benefit determination. *Id.* at 537.

Defendants argue that for purposes of ERISA regulation compliance, a policy's relevance

9

is based on whether it was considered in determining a claim. *Defendant's Opposition* at *6. Defendants state that because "Plaintiff cannot show that any of the policies sought in his motion were specifically generated in connection with his particular adverse benefit termination, as required by (m)(8)(iii)", he is not entitled to those policies. *Id.* Defendants assert that Plaintiff's termination of LTD benefits was based on his eligibility status no longer meeting the "definition of 'disability' under the Plan, as determined after an Independent Medical Examination and vocational analysis." *Id.* Defendants further contend that "all documents generated in connection with this claim" have been produced to Plaintiff. *Id.*

### B.  29 CFR § 2560.503-1(m)(8)(iv)

Defendants argue that a plain reading of ERISA regulation 29 CFR § 2560.503-1(m)(8)(iv) does not grant Plaintiff discovery of additional documents. Defendants state that the ERISA regulation "only applies to policies or guidance that deal with the claimant's diagnosis or a denial of a treatment option." *Id.* at *7. Defendants thus contend that because "none of [the] policies and procedures Plaintiff is seeking relate to the claimant's diagnosis or a denied treatment option … [Plaintiff] is not entitled to this additional discovery under (m)(8)(iv)." *Id.*

### C.  29 CFR § 2560.503-1(g)(1)(v)(A)

Defendants contend that ERISA regulation 29 CFR § 2560.503.1(g)(1)(v)(A) also does not allow Plaintiff discovery beyond the administrative record. To support this position, Defendants cite *Reimann v. Anthem Ins. Cos.*, 2008 U.S. Dist. LEXIS 88562 (S.D. Ind. Oct. 31, 2008), which held that "the regulations clearly contemplate that a current internal policy must be disclosed when a decision is based upon it, 29 C.F.R. § 2560.503-1(g)(1)(v)(A), which implies that it need not be disclosed earlier." *Id.* at 70-71. Defendants argue that the decision to terminate Plaintiff's LTD benefits was not based on any internal policy, but rather on an IME and vocational reports indicating that Plaintiff no longer qualified to receive LTD benefits.

*Defendant's Opposition* at \*8. Defendants also contend that the administrative record provided to Plaintiff contains all documents relevant to the termination of benefits. Defendants assert that since they did not rely on any policies to determine Plaintiff's eligibility, Plaintiff is not entitled to additional discovery outside of the administrative record.

### 3. Standard of Review

Defendants contend that the appropriate standard of review to be applied is arbitrary and capricious. To support this position, Defendants cite to *Shvartsman v. Johnson & Johnson*, 2012 U.S. Dist. LEXIS 80328 (D.N.J. June 11, 2012), where this Court held that "in cases governed by [ERISA] where the plan affords the administrator discretionary authority, the administrator's interpretation of the plan will not be dismissed if reasonable. *Id.* at 20-21. Defendants state that because the "LTD Plan confers upon [Defendant] Liberty discretionary authority to construe the terms of the Plan … this Court should review Liberty's decision under the arbitrary and capricious standard and uphold it so long as it is reasonable." *Defendants' Sur-Reply Brief* at \*2.

Defendants further contend that their LTD policy comports with the "safe harbor" language in *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407 (3d Cir. Pa. 2011) that allows an administrator to "insulate its decision to deny benefits from de novo review." *Id.* at 417. Defendants' policy states:

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

*Defendants' Exhibit A*, Docket Entry No. 18-1, at \*32.

Defendants argue that because the LTD Plan grants sole discretion – like the plan in *Viera* – the appropriate standard of review is arbitrary and capricious.

A.  Preemption

Defendants contend that Plaintiff's use of a New Jersey state regulation in his argument is invalid due to preemption by ERISA.  To support this position, Defendants cite *Baker v. Hartford Life Ins. Co.*, 2010 U.S. Dist. LEXIS 52724 (D.N.J. May 28, 2010), which held that adoption of New Jersey regulations "would face an ERISA preemption attack." *Id.* at 11.  Defendants state that even assuming the New Jersey regulation did apply, Plaintiff's argument fails since Defendants' policy "includes a notice of the insured's right to challenge the administrator's decision in federal court." *Defendants' Sur-Reply* at *4, citing *Aetna Health Inc., v. Davila*, 542 U.S. 200 (2004).  Defendants thus contend that their discretion is valid "even under the inapplicable New Jersey regulation." *Id.*

### 4. Discovery is Limited under the Arbitrary and Capricious Standard of Review

Defendants argue that under the arbitrary and capricious standard of review, discovery is limited to the administrative record.  To support this position, Defendants cite *Mainieri v. Bd. of Trs. of the Operating Eng'rs Local 825 Pension Fund*, 2008 U.S. Dist. LEXIS 71247 (D.N.J. Sept. 10, 2008), which held that although the determination of whether the administrator's decision was arbitrary and capricious is limited to the administrative record, "consideration of extrinsic evidence of potential biases and conflicts is allowed at the merits stage to help a court determine whether and how much to heighten its review. *Id.* at 6-7 (internal quotation marks omitted).  Defendants assert that because "Plaintiff has not even alleged a procedural bias or irregularity… [t]here is no reason for the parties to engage in any discovery in this case, as there is no basis for the Court to admit or consider matters outside of the administrative record." *Defendant's Sur-Reply* at *5-9.

### 5. Sufficient Administrative Record even under De Novo

Defendants contend that even under a *de novo* standard of review, the administrative record is sufficient enough to avoid additional discovery. To support this position, Defendants cite *Viera v. Life Ins. Co. of North America*, 871 F. Supp. 2d 379 (E.D. Pa. 2012), which found that "when reviewing de novo a decision of the plan administrator … the Court must determine whether, in its discretion, the record is sufficiently developed to make an independent benefit determination." *Id.* at 384. Defendants state that the administrative record "includes the full panoply of Plaintiff's medical records, Liberty's peer reviews, claim notes, surveillance tapes, the Plan, and correspondence between the parties." *Defendant's Sur-Reply* at *8. Defendants thus contend that because the administrative record contains all of the necessary documents needed for a court to perform a *de novo* review, additional discovery is not required.

### 6. Procedural Irregularities

Defendants state that "there are no procedural irregularities warranting discovery beyond the administrative record." *Id.* Defendants thus assert that because "Plaintiff does not offer any procedural abnormality in this matter", discovery is not warranted. *Id.*

## II. Analysis

### A. Standard of Review

The U.S. Supreme Court has held that a denial of ERISA benefits is to be reviewed *de novo* unless the terms of the benefit plan give an administrator or fiduciary discretionary authority to determine eligibility or construe terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In cases governed by the Employment Retirement Income Security Act ("ERISA") where the plan affords the administrator discretionary authority, the administrator's interpretation of the plan "will not be dismissed if reasonable." *Mitchell v.*

*Eastman Kodak Co.*, 113 F.3d 433, 437 (3d. Cir. 1997) (quoting *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). In other words, when a plan administrator has discretion to determine a claimant's eligibility for benefits, the plan administrator's decision is subject to review under an arbitrary and capricious standard. *Doroshow v. Hartford Life and Acc. Ins. Co.*, 574 F.3d 230, 233 (3d Cir. 2009). Under the arbitrary and capricious standard, the claim determination will be upheld if it is supported by substantial evidence. *Doroshow*, 574 F.3d at 234 ("Under a traditional arbitrary and capricious review, a court can overturn the decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law").

Typically in ERISA cases in which the arbitrary and capricious standard of review is used, the Court limits its review of the plan administrator's denial of benefits to only that evidence that was before the administrator when he or she made the decision being reviewed. See *Mitchell*, 113 F.3d at 440 (finding that under an arbitrary and capricious standard of review, the court looks to the record as a whole, and that "whole" record consists of evidence that was before administrator when the decision being reviewed was made); see also *Johnson v. UMWA Heath and Ret. Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005) (finding that "record for arbitrary and capricious review of ERISA benefits denial is record made before the plan administrator which cannot be supplemented during litigation"). However, the Court notes that "when a reviewing court is deciding whether to employ the arbitrary and capricious standard or a more heightened standard of review, it may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record." *Johnson*, 125 Fed. Appx. at 405-406. The type of evidence considered by courts focuses on whether a heightened standard of review is required either because there is a question regarding whether a structural conflict of interest

14

exists (*i.e.*, is the entity making benefits determinations also financially interested in those determinations) or because the administrative record is overwrought with procedural anomalies. See, generally, *Kosiba v. Merck & Co.*, 384 F.3d 58, 64-67 (3d Cir. 2004); *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 393-95 (3d Cir. 2000). Therefore, discovery will typically not be permitted beyond the administrative record in ERISA cases unless some extrinsic factor exists, such as a structural conflict of interest or significant procedural anomalies.

The Court finds that the LTD plan should be reviewed under an arbitrary and capricious standard. The Court is unpersuaded by Plaintiff's argument that the New Jersey Administrative Code renders the plan's discretionary clause null and void. Defendants have shown that the New Jersey statute is preempted by ERISA. Additionally, the Court finds that the LTD plan's notice of the insured's right to challenge the administrator's decision in federal court renders Liberty's discretion valid. Since the Court finds that the arbitrary and capricious standard applies, the Court does not reach the question of what discovery is allowed under a *de novo* review.

### B. Administrative Record

Defense counsel has provided in their certification of counsel that "no omissions or edits were made to the administrative claim file – the entire file as maintained by Liberty Life Assurance Company of Boston has been produced to the Plaintiff." *See* Certification of Counsel, Docket Entry No. 13-1, *1. Plaintiff has not shown that Defendants have selectively omitted information and produced an incomplete administrative record. The Court thus finds that the certification of Defense counsel is adequate for purposes of proving a complete administrative record.

In *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433 (3d Cir. Pa. 1997), the Third Circuit has held that claimants are limited only to the administrative record in ERISA cases reviewed under

the arbitrary and capricious standard. *Id.* at 440. Also, this Court has defined the scope of the administrative record to include "only that evidence that was before the administrator when he or she made the decision being reviewed." *Shvartsman v. Johnson & Johnson*, 2012 U.S. Dist. LEXIS 80328 at 21 (D.N.J. June 11, 2012). The Court thus finds that Defendants have shown that Plaintiff's discovery requests go beyond the information contained in the administrative record.

### C. ERISA Regulations

1. 29 CFR § 2560.503-1(m)(8)(iii)

Regarding ERISA regulation 29 CFR § 2560.503-1(m)(8)(iii), the Federal Register states that a plan must disclose "any information that the plan has generated or obtained in the process of ensuring and verifying that, in making the particular determination, the plan complied with its own administrative processes…" In *Brooks v. Metro. Life Ins. Co.*, 526 F. Supp. 2d 534 (D. Md. 2007), the court interpreted this provision and found that the "the Department of Labor (DOL) has made clear that the disclosure requirement [of this subsection] is limited to materials specifically generated in connection with a particular adverse benefit determination." *Id.* at 537. Here, Plaintiff cannot establish that any of the policies sought in his motion were specifically generated in connection with his particular adverse benefit determination, as required by (m)(8)(iii). Defendants have shown that Plaintiff's LTD benefits were "terminated because he did not meet the definition of 'disability' under the Plan, as determined after an IME and vocational analyses." *Defendant's Opposition* at *6. Because the additional documents that Plaintiff seeks through discovery are not relevant for purposes of this subsection, the Court finds that discovery beyond the administrative record is not warranted.

2. 29 CFR § 2560.503-1(m)(8)(iv)

For purposes of determining what documents are "relevant" to a claim under ERISA, 29

CFR § 2560.503-1(m)(8)(iv) defines "relevant" as any document that "constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." The Court is unpersuaded by Plaintiff's argument that Defendants' policies and procedures relating to surveillance, the provision of surveillance footage to IME examiners, and the consideration of a favorable Social Security determination in administering a beneficiary's LTD claim are relevant to Plaintiff's claim. Defendants have shown that these policies and procedures do not relate to their decision to terminate Plaintiff's benefits. *Defendant's Opposition* at *7. The Court thus finds that Plaintiff is not entitled to additional discovery under this ERISA regulation.

3. 29 CFR § 2560.503-1(g)(1)(v)(A)

In *Reimann v. Anthem Ins. Cos.*, 2008 U.S. Dist. LEXIS 88562 (S.D. Ind. Oct. 31, 2008), the court held that "the [ERISA] regulations clearly contemplate that a current internal policy must be disclosed when a decision is based upon it, 29 C.F.R. § 2560.503-1(g)(1)(v)(A), which implies that it need not be disclosed earlier." *Id.* at 70-71. Here, Defendants have shown that the determination to terminate Plaintiff's LTD benefits was made from IME and vocational analyses reports, not from any "rule, guideline, protocol, or other similar criterion." *Defendant's Opposition* at *8. Therefore, the Court finds that discovery is not warranted under this regulation.

## II. Conclusion

For the reasons set forth above, the Court finds that discovery beyond that which is in the administrative record is not warranted. As a result, Plaintiff's motion is DENIED. An appropriate order follows.

Dated:  October 11, 2013

                                              s/  Tonianne J. Bongiovanni
                                              **HONORABLE TONIANNE J. BONGIOVANNI**
                                              **UNITED STATES MAGISTRATE JUDGE**